IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MARY A. IRBY,

    Plaintiff,

vs.                                 No. 08-2021-JDB/dkv

SMURFIT-STONE CONTAINER CORP.,

    Defendant.

---

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER TO AMEND COMPLAINT

---

Plaintiff, Mary A. Irby, has filed a complaint for discrimination with an application to proceed in forma pauperis under 28 U.S.C. § 1915(a). The motion to proceed in forma pauperis is GRANTED. The Clerk shall file the case without payment of the filing fee and record Defendant as Smurfit-Stone Container Corp. The Clerk shall not issue process or serve any papers until further ordered by the Court.

Irby has also filed a motion for appointment of counsel. Two statutes authorize the district court to request or appoint counsel for an indigent Title VII plaintiff. Twenty-eight U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] Similarly, under 42 U.S.C.

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 310 (1989).

§ 2000e-5(f)(1), "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney." An employment discrimination plaintiff has no constitutional or statutory right to appointed counsel. Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972).

Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and her ability to present the claims. See Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

A review of this complaint indicates that the case is not so complex that the Court should exercise its discretion to appoint counsel at this time. Plaintiff appears to understand the facts and applicable law sufficiently to represent herself. Furthermore, it does not appear from the affidavit supporting her motion that she will be unable to obtain counsel on her own. The motion is DENIED.

Irby alleges that the Defendant committed acts of race discrimination culminating in the termination of her employment on April 20, 2007. She attached a charge of discrimination filed on October 17, 2007, but did not attach a Notice of Right to Sue. Plaintiff has failed to demonstrate that she has exhausted her administrative remedies on her claim of discrimination. Exhaustion of administrative remedies is a prerequisite to the filing of an employment discrimination case. See generally Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982); Parsons v. Yellow Freight Systems, Inc., 741 F.2d 871 (6th Cir. 1984). To exhaust administrative remedies, the employee must file a charge of discrimination with either the Equal Employment Opportunity Commission (EEOC) or the Tennessee Human Rights Commission (THRC). Title VII provides that "[a] charge under this section shall be filed within one-hundred and eighty (180) days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).

Plaintiff is hereby ORDERED to amend her complaint within twenty (20) days of the entry of this order to demonstrate that she has exhausted her administrative remedies. She must attach a copy of her Notice of Right to Sue as an exhibit to her amended complaint. The amendment must be typed or hand-printed and Plaintiff must personally sign the amendment.

A failure to timely comply with any requirement of this order will result in the dismissal of the complaint in its entirety. Plaintiff must also keep this Court informed of her current address. If Plaintiff fails to inform the Court of a change of

3

address, she will not be excused for failing to comply with the Court's orders and deadlines because an order was delayed or not delivered.

IT IS SO ORDERED this 23rd day of January, 2008.

                                                <u>s/ J. DANIEL BREEN</u>
                                                UNITED STATES DISTRICT JUDGE